UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IDA BLEICH,<br><br>         Plaintiff,<br> vs.<br><br>EL CAJON POLICE OFFICER D. EHLERS, BASIL ABDULAHAD and DOES 1-20,<br><br>         Defendant. | CASE NO. 08-CV-2189-H (WVG)<br><br>**ORDER GRANTING DEFENDANT EHLERS'S MOTION FOR SUMMARY JUDGMENT**<br><br>[Doc. No. 26.] |

  On March 5, 2010, Defendant D. Ehlers filed a motion for summary judgment in this case. (Doc. No. 26.) On April 5, 2010, Plaintiff Ida Bleich filed her response in opposition to the motion for summary judgment. (Doc. No. 30.) On April 12, 2010, Defendant Ehlers filed his reply in support of the motion for summary judgment. (Doc. No. 33.) The Court held a hearing on the matter on April 19, 2010. Keith Rutman appeared on behalf of the Plaintiff. Steven Boehmer and Carrie Mitchell appeared on behalf of the Defendant. For the following reasons, the Court GRANTS Defendant Ehlers's motion for summary judgment.

## Background

  On June 9, 2008, Plaintiff Ida Bleich ("Plaintiff"), a 59-year-old pharmacist, was arrested by Defendant Darren Ehlers without a warrant on charges of violating California Penal Code § 442 (criminal threats) and § 646.9 (stalking). (Compl. ¶¶ 8, 10.) At all relevant times,

Defendant Ehlers was a law enforcement officer with the El Cajon Police Department. (Id. ¶ 4.) Prior to June 9, 2008, Defendant Basil Abdulahad and Plaintiff worked together at the CVS pharmacy in El Cajon, California. (Id. ¶ 8.) On June 9, 2008, Defendant Abdulahad reported to Defendant Ehlers that on June 7, 2008, Plaintiff left a message on Abdulahad's cell phone threatening Abdulahad with death. (Id. ¶¶ 8-9.) Abdulahad told Ehlers that Plaintiff knew where he lived and was acting strangely towards him at work. (Doc. No. 26-4, Ehlers Decl. ¶ 10.) Abdulahad appeared visibly shaken and expressed to Defendant Ehlers that he was very afraid. (Id. ¶ 4.) Defendant Ehlers listened to the message, made an audiotape recording of the message, and prepared a typewritten document of its contents. (Id. ¶ 8.) The message made specific threats against Abdulahad and stated that the caller knew where Abdulahad lived, threatened to slit his throat and put him in a body bag, and purported to describe Abdulahad's movements on a recent night. (Id.) Defendant Ehlers believed the caller sounded like a female with slow mumbling, rambling voice who was either drunk or high on prescription drugs. (Id. ¶¶ 5-6.) Defendant Abdulahad told Defendant Ehlers that Plaintiff was Abdulahda's supervisor at the pharmacy and had access to prescription drugs. (Id. 6.)

Defendant Ehlers then went to the CVS pharmacy where Plaintiff worked to continue the investigation. (Id. ¶ 12.) Defendant met with the store manager, Josephine Elaine Cavada, and had her listen to the voice message. (Id. ¶ 13.) According to Defendant Ehlers, Cavada's "eyes went big and round and she stated, 'That's Ida. These are some serious threats. That definitely sounds like Ida to me.'" (Id.) According to Defendant Ehlers, Cavada then informed him that she had received customer complaints about Plaintiff stealing their pills and manipulating prescriptions, and that customers complained of Plaintiff's erratic behavior involving yelling and cursing at people. (Id.) According to Defendant Ehlers, Cavada also informed him about the fact that Plaintiff was noted for acting strangely toward Abdulahad. (Id.) Defendant Ehlers then met with Plaintiff, who appeared agitated and defensive.[1] (Id. ¶ 13.) Defendant Ehlers noticed that Plaintiff's voice resembled that of the caller on the

---

[1] Parties appear to dispute what was actually said by Defendant Ehlers and Plaintiff during that meeting. (See Doc. No. 30-1 at 11-12.)

message. (Id. ¶ 15.) Defendant Ehlers also noticed that Plaintiff appeared to be "disoriented and 'not all there,'" and her behavior was erratic. (Id. ¶ 18.) After conferring with a senior officer who was present during the interview, Defendant Ehlers concluded that probable cause existed to arrest Plaintiff for making a criminal threat and stalking. (Id. ¶ 15.)

On June 20, 2008, a felony complaint was filed charging Ida Bleich with Penal Code sections 422 (making a criminal threat) and 646.9 (stalking). (Doc. No. 26-3, Ex. A, Felony Compl.) At the preliminary hearing, the Superior Court Judge found there was insufficient evidence to bind over for trial and dismissed the case. (Doc. No. 30-10, Prelim. Hearing Transcript.) The Judge then denied an oral motion for a factual finding of innocence pursuant to California Penal Code section 851.8. (Id. at 39-40.) The court explained there was some evidence that Bleich made the call to Abdulahad but the evidence was not strong enough to bind her over for trial. (Id.) The court later denied Bleich's written petition seeking a finding of factual innocence, and the California Court of Appeal affirmed. See People v. Bleich, 100 Cal. Rptr.3d 288 (Ct. App. 2009), review denied (Jan. 13, 2010).

On November 25, 2008, Plaintiff filed her complaint against Defendants Ehlers and Abdulahad. (Doc. No. 1.) Plaintiff's complaint alleges Defendant Ehlers violated Plaintiff's Fourth Amendment right to be free from unreasonable seizures by unlawfully arresting her, and seeks damages pursuant to 42 U.S.C. § 1983. (Id. ¶¶ 27-31.) Plaintiff alleges that a reasonably prudent officer would have known that Plaintiff was not subject to detention or arrest, and that Plaintiff sustained great emotional distress and shock and injury to her person and nervous system as a result of Defendant's actions. (Id. ¶¶ 28-30.)

On March 5, 2010, Defendant Ehlers filed a motion for summary judgment, arguing that Plaintiff is collaterally estopped from relitigating the issue of probable cause. (Doc. No. 26-1 at 12.) Defendant's motion also argues that probable cause existed as a matter of law, and that Defendant is entitled to qualified immunity. (Id. at 16-20.)

///
///
///

## I. Summary Judgment Standard

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure if the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A fact is material when, under the governing substantive law, it could affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Freeman v. Arpaio, 125 F.3d 732, 735 (9th Cir.1997). A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party. Anderson, 477 U.S. at 248.

A party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. The moving party can satisfy this burden in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to establish an essential element of the nonmoving party's case on which the nonmoving party bears the burden of proving at trial. Id. at 322-23. "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). Once the moving party establishes the absence of genuine issues of material fact, the burden shifts to the nonmoving party to set forth facts showing that a genuine issue of disputed fact remains. Celotex, 477 U.S. at 322. The nonmoving party cannot oppose a properly supported summary judgment motion by "rest[ing] on mere allegations or denials of his pleadings." Anderson, 477 U.S. at 256.

When ruling on a summary judgment motion, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The Court does not make credibility determinations with respect to evidence offered. See T.W. Elec., 809 F.2d at 630-31 (citing Matsushita, 475 U.S. at 587). Summary judgment is therefore not appropriate "where contradictory inferences may reasonably be drawn from undisputed evidentiary facts...." Hollingsworth Solderless Terminal Co. v. Turley, 622 F.2d 1324,

1335 (9th Cir. 1980).

## II. Discussion

Plaintiff alleges Defendant Ehlers violated her Fourth Amendment right to be free from unreasonable seizures by unlawfully arresting her. Plaintiff brings this lawsuit under 42 U.S.C. § 1983, which provides a cause of action "against any person acting under color of law who deprives another 'of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." S. Cal. Gas Co. v. City of Santa Ana, 336 F.3d 885, 887 (9th Cir.2003) (quoting 42 U.S.C. § 1983). To establish liability under 1983, a plaintiff must show (1) that she has been deprived of a right secured by the United States Constitution or a federal law, and (2) that the deprivation was effected "under color of state law." Broam v. Bogan, 320 F.3d 1023, 1028 (9th Cir.2003).

An arrest without probable cause is an actionable unlawful arrest. Atwater v. City of Lago Vista, 532 U.S. 318, 354 (2001). Probable cause exists when the facts are such that a reasonably prudent person would believe that a crime had been committed. Gerstein v. Pugh, 420 U.S. 103, 111 (1975). Probable cause is based o what the officer knew at the time of the arrest. Beck v. State of Ohio, 379 U.S. 89, 91 (1964) ("Whether that arrest was constitutionally valid depends in turn upon whether, at the moment the arrest was made, the officers had probable cause to make it-whether at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense.")

Plaintiff was arrested for making a criminal threat pursuant to California Penal Code section 422 and for stalking under section 646.9, subdivision (a). The crime of stalking is established if a person repeatedly follows or harasses another person and makes a credible threat with the intent to place that person in reasonable fear of death or great bodily injury. People v. Ewing, 76 Cal. App.4th 199, 210 (1999). The offense of making a criminal threat is established where the following five elements are present: (1) the defendant willfully threatened to commit a crime which will result in death or great bodily injury to another;

(2) the defendant made the threat with the specific intent the statement would be taken as a threat; (3) the threat was on its face and under the circumstances so unequivocal, unconditional, immediate and specific as to convey to the person threatened a gravity of purpose and an immediate prospect of execution of the threat; (4) the threat caused the person threatened to be in sustained fear for his or his immediate family's safety; and finally, (5) the threatened person's fear was reasonable under the circumstances. In re Sylvester C., 40 Cal. Rptr.3d 461, 463-64 (Ct. App. 2006); People v. Maciel, 6 Cal. Rptr.3d 628, 632 (Ct. App. 2003).

Here, there is no disputed issue of material fact as to what was known to the officers at the time of Plaintiff's arrest. Parties do not dispute that Abdulahad was threatened and stalked. Abdulahad appeared visibly shaken and expressed to Defendant Ehlers that he was very afraid. Defendant Ehlers listened to the message and believed that the voice sounded like a female with a slow mumbling, rambling voice who was either drunk or high on prescription drugs. Defendant Ehlers was then informed that Plaintiff was a female who had access to prescription drugs. At the time of Plaintiff's arrest for making a criminal threat and stalking, Defendant Ehlers knew that at least two persons believed the voice on the cell phone message belonged to Plaintiff. Both Defendant Abdulahad and store manager Cavada told Ehlers that the voice sounded like Plaintiff. Defendant Ehlers was also told that Plaintiff had been acting strangely towards Abdulahad. During his contact with Plaintiff, Defendant observed that her behavior was erratic, and her voice resembled the caller's voice on the message. The Court concludes that Defendant Ehlers had probable cause to arrest Plaintiff. Under the totality of the circumstances, a prudent person would have concluded that there was a fair probability Plaintiff had committed a crime.[2]

///
///

---

[2] Because the Court concludes that probable cause to arrest existed, the Court does not reach the question of whether collateral estoppel or qualified immunity apply to Plaintiff's claim.

**Conclusion**

For the reasons above, the Court GRANTS Defendant Ehlers's motion for summary judgment.

**IT IS SO ORDERED**.

DATED: April 20, 2010

                                                             _____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT